# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 203
### LEVERING v. LEVERING
Ohio Appeals, 7th Dist., Knox County
No. 190. Decided Jan. 25, 1924

**443. DIVORCE AND ALIMONY**—Decree for alimony modified by agreement, is a valid decree as modified, not a mere debt, and is enforcible by contempt.

ALLREAD, J.
### Epitomized Opinion
Published Only in Ohio Law Abstract

B. Levering sued F. O. Levering for divorce in Knox Common Pleas. F. O. Levering filed an answer in cross-petition, and the court granted the latter a divorce, but allowed B. Levering alimony of $300, and $100 a month during her life or until she remarried. This decree was subsequently modified by an agreement reducing the monthly payment to $75, and later to $50. Levering became in default of payment and on motion of Mrs. Levering, the court ordered F. O. Levering to pay the amount in default or show cause why he should not be punished for contempt. It is contended by him that the decree for monthly payments indefinite as to time was void, and that if the decree depended upon an agreement, the obligation would be a mere debt and not enforcible by contempt. In affirming the judgment, the Court of Appeals held:

1. The original decree was regularly entered, and while the modifications thereof were by agreement, yet the decree still stood as modified. The obligation, therefore, was not a mere debt, but was founded upon the decree. Upon non-performance thereof, such decree could, in our judgment, be made the basis of a progreedings in contempt."

Attorneys—L. C. Stillwell, Mt. Vernon, for F. O. Levering; R. L. Carr, Cleveland, for B. Levering.

No. 204
### OREBAUGH v. SEVERENCE
Ohio Appeals, 4th Dist., Franklin County
No. 1130. Decided Jan. 13, 1924

**480. EVIDENCE**—Parol testimony is admissible to contradict a deed and contract as to an interest in growing crop, where it is shown that the purchaser was told of this interest prior to the execution of the instruments.

KUNKLE, J.
### Epitomized Opinion
Published Only in Ohio Law Abstract

Action for damages claimed to have been sustained on account of the breach of warranty of the sale and transfer of a farm. When this farm was sold, the tenant was the owner of one-half the growing crop, but in the deed and contract no mention was made of this fact. Testimony to the effect that the purchaser had been told of the interest of this tenant in this crop, was admitted in evidence. This was assigned as error. The rejection of certain testimony in reference to expenses incurred by the grantee for attorney fees and court costs in an injunction suit, was also assigned as error. In affirming the judgment for the grantor, the Court of Appeals held:

1. As there is testimony tending to show that the grantee was advised of the tenant's interest in the crop, parol testimony to contradict the deed and contract was admissible. A reasonable inference can be drawn that the parties must have understood that only the landlord's share in the growing crop was to pass under the contract and deed.

2. The rejection of the evidence in reference to expenses incurred in the injunction suit, was not prejudicial.

Attorneys—A. W. Weber and D. B. Ulry, for Orebaugh; C. Ewatt and T. H. Clark, for Severence.